CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 6 2006

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

JOHN WESLEY STEWART,                    )
      Plaintiff,                              )          **Civil Action No. 7:06-cv-00346**
                                              )
v.                                      )          **MEMORANDUM OPINION**
                                              )
D. A. BRAXTON, et. al.,                 )          **By: Hon. Michael F. Urbanski**
      Defendants.                             )          **United States Magistrate Judge**

Plaintiff John Wesley Stewart, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Stewart alleges that the defendants, prison officials at Red Onion State Prison (ROSP) have failed to provide him with free, properly fitting shoes, size 8EEEE, in violation of his constitutional rights. Officials are requiring Stewart to pay fifty percent of the cost of his shoes because the prison shoe shop does not make the size he requires and his shoes would have to be special ordered. Stewart requests interlocutory injunctive relief, directing defendants to provide him with properly fitting shoes immediately without charging him anything. Upon review of court records and the current pleadings, the court finds that Stewart does not qualify to proceed in forma pauperis in this case, pursuant to 28 U.S.C. § 1915(g). Accordingly, the court will deny the motion for in forma pauperis and unless Stewart prepays the necessary $350.00 filing fee, the court will dismiss the action and all pending motions without prejudice.

Enacted as part of the Prison Litigation Reform Act of 1996, 18 U.S.C. §1915(g) provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

1

Dockets.Justia.com

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records reflect that Stewart has previously had three prior cases dismissed as malicious, frivolous, or for the failure to state a claim: Stewart v. Herring, Civil Action No. 7:98-cv-00227 (W.D. Va. 1998) (dism'd 1915A); Stewart v. Hooke, Civil Action No. 7:98-cv-00714 (E.D. Va. 1998) (Motion to Dismiss granted for failure to state a claim); Stewart v. Deeds, Civil Action No. 7:96-cv-00575 (W.D. Va. 1996) (dism'd 1915A). As Stewart has accumulated three "strikes" under § 1915(g) and has not alleged facts indicating that he is "under imminent danger of serious physical injury" related to his claims, he may not proceed with the current action without prepaying the $350.00 filing fee. Therefore, the court will stay the case for ten (10) days to allow him to prepay the filing fee. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 6ᵗʰ day of June, 2006.

_____
United States Magistrate Judge